BROWN RUDNICK LLP
DANIEL A. ROZANSKY, #161647
drozansky@brownrudnick.com
2121 Avenue of the Starts, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile: (424) 525-0201

TESS M. MESSIHA, #333136
tmessiha@brownrudnick.com
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Petitioners
SUNSET IMPORT and
DEREJE HABTAMU ZELEKE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SUNSET IMPORT, a foreign corporation; DEREJE HABTAMU ZELEKE, an individual,<br><br>Petitioners,<br><br>vs.<br><br>SNS GLOBAL PHARMA CORPORATION, a California corporation; SAMSON MEKONNEN, an individual; and DOES 1 to 25, inclusive,<br><br>Respondents. | CASE NO.<br><br>**VERIFIED PETITION FOR RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207** |

## <u>NATURE OF THE PROCEEDINGS</u>

1.    This Petition asks the Court to recognize and enforce a foreign arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention," commonly cited as 21 U.S.C. 2517), implemented in Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 201, et seq.

2.    On or about June 2, 2021, Petitioners Sunset Import, a foreign corporation, duly authorized to do business in Addis Ababa, Ethiopia ("Sunset Import"), and Dereje Habtamu Zeleke, an individual (collectively, with Sunset Import, "Petitioners") entered into a profit-sharing agreement ("Agreement") with Respondents SNS Global Pharma Corporation ("SNS"), a California corporation and Samson Mekonnen, an individual (collectively, with SNS, "Respondents"), whereby Sunset Import facilitated the contract for medical supplies between Respondents and Ethiopian Pharmaceutical Supply Agency ("EPSA"). Under the terms of the Agreement, the Petitioners and Respondents agreed to equally divide the profits gained from four separate purchase orders for medical equipment.

3.    Petitioners performed their obligations under the Agreement; but Respondents did not.  Respondents failed to pay Petitioners the full amounts owed for the four purchase orders under the Agreement.

4.    On or about January 31, 2023, Petitioners brought claims against Respondents in an arbitration held in Addis Ababa, Ethiopia by the Addis Ababa Chamber of Commerce and Sectoral Associations Arbitration Institute ("Addis Arbitration"), and prevailed. On June 12, 2024, the arbitral tribunal entered an award ("Initial Award") in favor of Petitioners and against Respondents in the amount of USD $1,940,891.00, for unpaid profits, with nine percent yearly interest as of May 19, 2022, through November 7, 2025, for total due in the amount of ETB 146,494,198.43; plus ETB 61,994,625.00, for reimbursement of performance bonds paid by Petitioners (approximately USD $1,078,167.39 at prevailing exchange rate

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207

on June 12, 2024, equivalent to 57.5 ETB to 1 USD), with nine percent yearly interest as of May 19, 2022 through November 7, 2025, for a total due in the amount of ETB 81,377,711.63 (approx. USD $1,415,264.55); plus contractual damages in the amount of $595,800.00 USD (approx. ETB 34,258,500) with nine percent annual interest from June 12, 2024, converted to ETB exchange rate on June 12, 2024, equivalent to USD $75,364.62, for a total due in the amount of ETB 38,591,965.65 (approx. USD $671,164.62), plus costs of the present arbitration suit with nine percent per annum interest starting from the date of release of this arbitral award as well as the legally required stamp duty, which equals ETB 22,623,666.26 (approx. USD $393,455.07), for a combined pecuniary award (excluding quantified costs of arbitration) of ETB 289,087,541.97 (approx. USD $5,027,609.42) as of November 7, 2025.

5.    On October 2, 2025, the Addis Arbitration tribunal entered an amended award ("Amended Award") that supplemented the Initial Award by the quantifiable costs of arbitration, as detailed below, resulting in an additional judgment amount of ETB 18,449,740 (approx. USD $320,865.04).

6.    The total award, including the Initial Award amount of ETB 289,087,541.97 (approx. USD $5,027,609.42), plus the Amended Award amount of ETB 18,449,740 (approx. USD $320,865.04), results in a total award ("Award") in the amount of ETB 307,537,281.97 (approx. USD $5,348,474.46).

7.    The Award at issue was rendered by the Addis Arbitration in Addis Ababa, Ethiopia. Petitioners seek recognition and enforcement of the Award and the issuance of a Writ of Execution to collect this debt.

## PARTIES

8.    Petitioner Sunset Import is a private limited company, organized under the laws of Ethiopia, located at Bole Sub city Woreda 03 NOC Building 9th Floor House No: 2164.

9.    Petitioner Dereje Habtamu Zeleke is a natural person and a United States

citizen, who also holds Ethiopian nationality, resides in Ethiopia, and is the Founder and Chief Executive Officer of Sunset Import.

10.   Respondent SNS Global is a corporation organized under the laws of California, with a registered agent for service of process located at 4011 Camino Ranchero, Unit C, Camarillo, California, 93012.

11.   Based on information and belief, Respondent Samson Mekonnen is a natural person of Ethiopian nationality and a U.S. Citizen, residing in Thousand Oaks, California, and Chief Executive Officer, Chief Financial Officer, acting Secretary, and Agent for Service of SNS Global.

## JURISDICTION AND VENUE

12.   Original subject matter jurisdiction is conferred in this matter pursuant to 28 U.S.C. § 1331, in that this matter is one of federal question arising under the New York Convention, codified in the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 203. The United States, where Respondent SNS Global is incorporated, and the Federal Democratic Republic of Ethiopia, where the arbitration took place, are both signatories to the New York Convention.

13.   Venue is proper in this Court pursuant to 9 U.S.C. § 204, and 128 U.S.C. § 1391(b) and 1391(c). On information and belief, Respondent SNS Global is located in and operates in this judicial district, and Respondent Mekonnen resides in this district.

## RELEVANT FACTS

14.   On or about June 3, 2021, Petitioners and Respondents entered into a Sales and Profit-Sharing Agreement ("Agreement"), whereby Sunset Import agreed to act as an agent and Respondent as a principal in connection with the supply of certain medical equipment to the Ethiopian Pharmaceutical Supply Agency (EPSA), a federal entity responsible for nationwide pharmaceutical procurement. The authenticity of the Agreement has been attested to by Dereje Habtamu Zeleke in an affidavit attached hereto.  [*See* Affidavit of Dereje Habtamu Zeleke ("Zeleke

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207

Affidavit") ¶ 6,  at Exhibit 1].

15.  Sunset Import's role as agent was to facilitate the supply contract between SNS Global and EPSA. Sunset Import submitted bid documents, ensured regulatory compliance, and submitted and paid the required performance bond for the contract on behalf of SNS Global.

16.  SNS Global's role as principal required procurement of medical supplies to EPSA in accordance with four purchase orders as outlined in the Agreement.

17.  SNS Global agreed to a 50/50 profit-sharing arrangement with Sunset Imports upon delivery of medical supplies, and was responsible for paying its share of the profits upon delivery of the supplies to EPSA. The Agreement provides for the profits to Petitioners ("Profits") in USD for four purchase orders ("Purchase Orders") as follows:

> a) First Purchase Order (No. 006164): $892,500.00;
>
> b) Second  Purchase Order (No. 006165): $1,117,500.00;
>
> c) Third Purchase Order (No. 006166): $1,490,000.00; and
>
> d) Fourth Purchase Order (No. 006167): $ 372,500.00.
>
> Total Profits owed: <u>$3,872,500.00</u>

[*See* Zeleke Affidavit, ¶ 8, at Exhibit 1,  ¶¶ II and III].

18.  Per the Agreement, Petitioners provided surety for the performance guarantees for the Purchase Orders.  Per Section V of the Agreement, Petitioners had the right to reclaim any defaulted performance bond from Respondents.  [*See* Zeleke Affidavit, ¶ 11, at Exhibit 1, ¶ V].

19.  The Agreement outlines particular methods for settlement disputes.  First, the parties are to settle the dispute within 30 days through negotiation. [*See* Zeleke Affidavit, ¶ 12, at Exhibit 1, ¶ XI(1)].  If negotiations do not settle the dispute, the parties proceed to arbitration as follows:

> …

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207

2. If the parties fail to reach a mutual agreement within 30 days, the case will be decided by an Arbitration Panel involving three arbitrators;

3. The appointment of the arbitrators will be made under the Rules of the Addis Ababa Chamber of Commerce, Arbitration Tribunal.

4. The arbitration shall be held in Addis Ababa. The language shall be English.

[*See* Zeleke Affidavit, ¶ 12, at Exhibit 1, ¶ XI].

## **FOREIGN ARBITRAL AWARD**

20. Disputes arose between Petitioners and Respondents when Respondents breached the Agreement by failing to pay Petitioners their share of Profits. Petitioners initiated arbitration at the Addis Arbitration as provided in the Agreement. The address of the Addis Arbitration is located at Mexico Square, Addis Ababa, Ethiopia. The web address is https://addischamber.com/. The Addis Arbitration rules are posted on its website, in both Amharic and English. [*See* Zeleke Affidavit, ¶ 13; *See also* Affidavit of Amare Ashenafi ("Ashenafi Affidavit"), ¶ 6].

21. The Federal Democratic Republic of Ethiopia is a signatory to the New York Convention.

22. The following persons were duly selected as arbitrators: Dr. Muradu Abdo; Dr. Yonas Tesfa; and Mr. Aschalew Asfaw. The arbitration was conducted on March 25, 2024 and April 29, 2024, in Addis Ababa, pursuant to the Addis Arbitration rules. [*See* Ashenafi Affidavit, ¶ 8].

23. On June 4, 2024, the Addis Arbitration tribunal reviewed additional documentary evidence before rendering its Initial Award. [*See* (Ashenafi) Affidavit, ¶ 9 ].

24. The arbitrators rendered the Initial Award on June 12, 2024. The authenticity of the Initial Award, awarded in English, has been attested to by Amare Ashenafi in

his affidavit attached to this Petition.  A certified copy of the Initial Award is attached to Mr. Ashenafi's affidavit.  [*See* Ashenafi Affidavit, ¶ 10, at Exhibit A].

25.  The Initial Award found in Petitioners' favor ordered Respondents to make monetary payment to Petitioners as follows:

a)      unpaid profits share in the amount of $1,940.891.00 USD (one million nine hundred forty thousand eight hundred ninety-one USD) with nine percent annual interest as of 19 May 2022;

b)      a total of ETB 61,994,625.00 (sixty-one million nine hundred ninety-four thousand six hundred twenty-five ETB) effected on its behalf to guarantee the performance of the gloves supply contract with nine percent yearly interest as of 19 May 2022;

c)      contractual damages in the amount of $595,800.00 USD (five hundred ninety-five thousand eight hundred USD) with nine percent annual interest from the date of release of this arbitral award;

d)      costs of the present arbitration suit with nine percent per annum interest starting from the date of release of this arbitral award as well as the legally required stamp duty; and

c)      both the outstanding profits (see above, Paragraph No. 67 (a), herein  above) and compensation granted for contractual damages (sec above, Paragraph No. 67 (c), herein above) in ETB but at USD exchange rate prevailing on the day of release of this arbitral award.

68. The money award indicated (see above, Paragraph No. 67 (a-d)) shall continue to bear nine percent annual interest

7

1      until the final day of its full payment.

2  [Ashenafi Affidavit, ¶¶ 11 and 12 at Exhibit A, ¶ 67].

3      26.    The amount of the Initial Award, with interest accrued through November 7,

4  2025, is ETB **289,087,541.97** (approx. USD $5,027,609.42). This was calculated as

5  follows:

6      a)      unpaid profits share in the amount of $1,940,891.00 USD converted to

7  ETB exchange rate on June 12, 2024, which equals approx. ETB 111,601,232.50,

8  with nine percent yearly interest as of  May 19, 2022, in the amount of USD

9  $606,834.19, for a total due in the amount of approx. USD $2,547,725.19;

10      b)      plus ETB 61,994,625.00 (approx. USD $1,078,167.39) effected owed to

11  Petitioners for  recovery of their guarantee with nine percent yearly interest as of

12  May 19, 2022, which equals approx. ETB 18,634,055.47, for a total due in the

13  amount of ETB 81,377,711.63 (approx. USD $1,415,264.55);

14      c)      plus contractual damages in the amount of $595,800.00 USD (approx.

15  ETB 34,258,500) with nine percent annual interest from the date of release of this

16  arbitral award, converted to ETB exchange rate on June 12, 2024, which equals USD

17  $75,364.62, for a total due in the amount of ETB 38,591,965.65  (approx. USD

18  $671,164.62; and

19      d)      costs of the present arbitration suit with nine percent per annum interest

20  starting from the date of release of this arbitral award as well as the legally required

21  stamp duty, which equals ETB 22,623,666.26 (approx. USD $393,455.07).

22  [*See* Ashenafi Affidavit, ¶¶  11 and 12 at Exhibit A, ¶ 67].

23      27.    On October 2, 2025, the Addis Arbitration tribunal entered an Amended

24  Award (the "Amended Award").  The only changes from the Initial Award and

25  Amended Award are the additions of Respondent Mekonnen as an individual and

26  inclusion of arbitration costs.  [Ashenafi Affidavit, ¶ 13 at Exhibit B].

27      28.    The Amended Award added arbitration costs due from Respondents to

28  Petitioners as follows:

20. Respondent shall pay the following costs of litigation to Claimant with nine percent annual legal interest:

a. Arbitrators' fee and administrative expenses amount to ETB 266,301.37 (Two hundred sixty-six thousand three hundred one ETB and thirty-seven cents).

b. Arbitrators' fee and administrative expenses amount to ETB 264,801.37 (Two hundred sixty-four thousand eight hundred one ETB and thirty-seven cents).

c. Additional arbitrators' fee and administrative expenses amount to ETB 495,204.65 (Four hundred ninety-five thousand two hundred four ETB and sixty-five cents).

d. Filing fee amounts to ETB 1,500 (One thousand five hundred ETB).

e. Stamp duty on the award amounts to ETB 2,073,794.82 (Two million seventy-three thousand seven hundred ninety-four ETB and eighty-two cents).

f. Lawyers' fee for Brown Rudnick LLP to domesticate the Ethiopian arbitral award is 5,000 USD per month until the award is executed, which Respondent must pay to the Claimant in USD.

g. Lawyers' fees incurred in Ethiopia for the current case amount to 230,000 USD (Two hundred thirty thousand USD).

h. Miscellaneous expenses amount to ETB 50,000 (Fifty Thousand ETB).

[Ashenafi Affidavit, ¶¶ 13 and 14 at Exhibit B, ¶ 20].

29.   As of the date of this Petition, Respondents have not paid any amount toward satisfying the Award. [*See* Zeleke Affidavit, ¶ 17; *See also* Ashenafi Affidavit, ¶ 14].

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207

30.  Interest continues to accrue at nine percent annually. Petitioners anticipate making a subsequent submission to the Court immediately prior to entry of judgment, which calculates a full and final amount with accrued interest included.

## **PRAYER**

WHEREFORE, Petitioners pray for:

1.    Recognition of and entry of judgment upon the Award: Recognition of and entry of judgment upon the Initial Award dated June 12, 2024, and the Amended Award (Ruling) dated September 23, 2025 (collectively, the "Award"), in the final amount of ETB 307,537,281.97 (approx. USD $5,348,474.46) representing the total principal, damages, costs, and interest accrued under the Award through November 7, 2025;

2.    Pre-Judgment Interest: An order confirming that the total confirmed amount of ETB 307,537,281.97 continues to bear interest at the rate of nine percent (9%) per annum from November 11, 2025, up to and including the date the Court enters judgment.

3.    Post-Judgment Interest: An order confirming that the judgment entered shall bear post-judgment interest from the date of entry of this Court's judgment until the date of full satisfaction, consistent with the Award's order that the money award shall continue to bear nine percent annual interest until the final day of its full payment.

4.    An order directing issuance of attachment against Respondents' assets in accordance with the procedures authorized by law, as authorized by, *inter alia*, Fed. R. Civ. P. 64 and 69;

5.    Reasonable attorneys' fees: An order confirming that the separate cost item for lawyers' fees for domesticating the Ethiopian arbitral award (USD 5,000 per month) continues to accrue and be added to the judgment amount until the award is executed, with interest on this specific amount accruing at nine percent (9%) annually starting from the date of the current Ruling (September 23, 2025) until the

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207

1  final day of its full payment.

2      6.    Costs of suit; and

3      7.    Such other and further relief as the Court may grant Petitioners.

4

5  DATED: November 12, 2025            Respectfully submitted,

6                                      BROWN RUDNICK LLP

7

8

9                                      By: _____

10                                     DANIEL A. ROZANSKY
                                       TESS M. MESSIHA
11                                     Attorneys for Petitioners
                                       SUNSET IMPORT
12                                     DEREJE HABTAMU ZELEKE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207

1

## VERIFICATION OF DEREJE HABTAMU ZELEKE

2    I, DEREJE HABTAMU ZELEKE, declare as follows:

3        2.    I am the Petitioner in this Petition.

4        3.    I have first-hand personal knowledge of the matters set forth herein, and

5    if called upon as a witness, would and could competently testify thereto.

6        I declare under penalty of perjury under the laws of the United States of

7    America that the foregoing is true and correct.

8

9        Executed November ⁏, 2025, at *Addis Ababa, Ethiopia.*

10    *Bole sub city Woreda 02 H.No Neω*

11

12

    DEREJE HABTAMU ZELEKE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9
U.S.C. § 207

4903-5142-6665.12

## <u>AFFIDAVIT OF DEREJE HABTAMU ZELEKE</u>

I, DEREJE HABTAMU ZELEKE, declare as follows:

1.      I am the Petitioner in this Petition.

2.      I have first-hand personal knowledge of the matters set forth herein, and if called upon as a witness, would and could competently testify thereto.

3.      I am the Founder and Chief Executive Officer of Sunset Import ("Petitioner" or "Claimant"), a private limited company, organized under the laws of Ethiopia, located at Bole Sub city Woreda 03 NOC Building 9th Floor House No: 2164.

4.      This affidavit is submitted in support of the concurrently filed Verified Petition for Recognition and Enforcement of Foreign Arbitral Award under 9 U.S.C. § 207.

5.      I was the claimant in the Addis Arbitration that was held in Addis Ababa, Ethiopia on March 25, 2024 (oral argument), and April 29, 2024 (witness testimony), and June 4, 2024 (documentary review).

6.      On June 3, 2021, Sunset Import entered into a Sale and Profit-Sharing Agreement (the "Agreement") with SNS Global Pharma Corporation ("SNS Global"), represented by Samson Mekonnen (collectively "Respondents"). Under the Agreement, Sunset Import was to act as agent and SNS Global Pharma as principal in facilitating the supply of medical gloves to the Ethiopian Pharmaceutical Supply Agency (EPSA). A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

7.      SNS Global's role as principal required procurement of medical supplies to EPSA in accordance with four purchase orders as outlined in the Agreement.

8.      SNS Global agreed to a 50/50 profit-sharing arrangement with Sunset Imports upon delivery of medical supplies and was responsible for paying its share of the profits upon delivery of the supplies to EPSA. The Agreement provides for the profits to Petitioners ("Profits") in USD for four purchase orders ("Purchase Orders")

as follows:

> a) First Purchase Order (No. 006164): $892,500.00;

> b) Second Purchase Order (No. 006165): $1,117,500.00;

> c) Third Purchase Order (No. 006166): $1,490,000.00; and

> d) Fourth Purchase Order (No. 006167): $ 372,500.00.

> Total Profits owed: <u>$3,872,500.00</u>

*See* Exhibit 1, at ¶¶ II and III.

9.      Sunset Import fulfilled its obligations under the Agreement, including submitting bid documents, securing market authorization, providing performance bonds, and facilitating the execution of four purchase orders with EPSA.

10.      Despite Sunset Import's full performance, SNS Global Pharma failed to pay the agreed 50% share of profits from the first and third purchase orders and failed to deliver the goods pursuant to the second and fourth purchase orders. Additionally, SNS Global Pharma failed to reimburse Sunset Import for performance bonds paid on its behalf.

11.      Per the Agreement, Sunset Import provided surety for the performance guarantees for the purchase orders.  Per Section V of the Agreement, Petitioners had the right to reclaim any defaulted performance bond from Respondents.  *See* Exhibit 1, ¶ V.

12.      The Agreement outlines particular methods for settlement disputes.  First, the parties are to settle the dispute within 30 days through negotiation. *See* Exhibit 1, ¶ XI(1).  If negotiations do not settle the dispute, the parties proceed to arbitration as follows:

> …

> 2. If the parties fail to reach a mutual agreement within 30 days, the case will be decided by an Arbitration Panel involving three arbitrators;

3. The appointment of the arbitrators will be made under the Rules of the Addis Ababa Chamber of Commerce, Arbitration Tribunal.
4. The arbitration shall be held in Addis Ababa. The language shall be English.

*See* Exhibit 1, ¶ XI.

13.    After failed attempts of settlement negotiations, Sunset Import initiated arbitration proceedings before AACCSA AI. The arbitration was conducted *ex parte* after SNS Global Pharma failed to appear or respond.

14.    On June 12, 2024, the Arbitration Tribunal issued a final award in favor of Sunset Import. A true and correct copy of the Arbitration Award is attached as **Exhibit A** to the Ashenafi Declaration and incorporated herein by reference.

15.    The Arbitration Award issued the following orders:

SNS Global Pharma to:

- Pay $1,940,891.00 in unpaid profit shares from Purchase Orders No. 006164 and 006166, to bear 9% annual interest from May 19, 2022;

- Reimburse ETB 61,994,625.00 for performance bonds paid by Sunset Import, to bear 9% annual interest from May 19, 2022;

- Pay $595,800.00 in contractual damages for failure to deliver Purchase Orders No. 006165 and 006167, to bear 9% annual interest from June 12, 2024;

- Pay costs of arbitration proceedings including arbitrators' fees, legal fees ;

- All USD-denominated awards to be converted to Ethiopian Birr (ETB) at the prevailing exchange rate on the date of the award.

[*See* [Ashenafi Affidavit ¶¶ 11 and 12]*, Exhibit A, ¶ 67].

16.    On October 2, 2025, the Addis Arbitration tribunal entered an amended Award ("Amended Award").  The only changes from the original Award and Amended Award is the addition of Respondent Mekonnen as an individual and adding

15

arbitration costs to the award.  A true and correct copy of the Amended Award is attached as **Exhibit B** to the Ashenafi Declaration and incorporated herein by reference.

17. The Amended Award added costs to be paid from Respondents to Claimants in the amount of ETB 18,449,740 (USD $320,865.04)..

18. The Amended Award added arbitration costs due from Respondents to Petitioners as follows:

20. Respondent shall pay the following costs of litigation to Claimant with nine percent annual legal interest:

a. Arbitrators' fee and administrative expenses amount to ETB 266,301.37 (Two hundred sixty-six thousand three hundred one ETB and thirty-seven cents).

b. Arbitrators' fee and administrative expenses amount to ETB 264,801.37 (Two hundred sixty-four thousand eight hundred one ETB and thirty-seven cents).

c. Additional arbitrators' fee and administrative expenses amount to ETB 495,204.65 (Four hundred ninety-five thousand two hundred four ETB and sixty-five cents).

d. Filing fee amounts to ETB 1,500 (One thousand five hundred ETB).

e. Stamp duty on the award amounts to ETB 2,073,794.82 (Two million seventy-three thousand seven hundred ninety-four ETB and eighty-two cents).

f. Lawyers' fee for Brown Rudnick LLP to domesticate the Ethiopian arbitral award is 5,000 USD per month until the award is executed, which Respondent must pay to the Claimant in USD.

g. Lawyers' fees incurred in Ethiopia for the current case

1          amount to 230,000 USD (Two hundred thirty thousand
2          USD).
3          h. Miscellaneous expenses amount to ETB 50,000 (Fifty
4          Thousand ETB).
5      19. The total award, including the Initial Award amount of ETB
6  289,087,541.97  (approx. USD \$5,027,609.42), plus the Amended Award amount of
7  ETB 18,449,740 (USD \$320,865.04)., results in a total award ("Final Award") in the
8  amount of ETB 307,537,281.97 (approx. USD \$5,348,474.46).
9      20.    As of the date of this Petition, Respondents have not paid any amount
10  toward satisfying the Award.
11      I declare under penalty of perjury under the laws of the United States of
12  America that the foregoing is true and correct.

13
14      Executed November 11, 2025, at _Addis Ababa, Ethiopia_
15                                          Bole Subcity, Woreda 02
16                                          H/NO. New
17
                                    _____
18                                  DEREJE HABTAMU ZELEKE
19
20
21
22
23
24
25
26
27
28
VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207
4903-5142-6665.12

## **AFFIDAVIT OF AMARE ASHENAFI**

I, AMARE ASHENAFI, declare as follows:

1.      I am an attorney, duly licensed to practice law before all Ethiopian courts.

2.      I have first-hand personal knowledge of the matters set forth herein, and if called upon as a witness, would and could competently testify thereto.

3.      I am a Founder and Deputy Managing Partner of 5A Law Firm LLP, a limited liability partnership, organized under the laws of Ethiopia, located at African Avenue Airport Road, Tropical Mall 9th Floor, Addis Ababa 1000.

4.      This affidavit is submitted in support of the concurrently filed Verified Petition for Recognition and Enforcement of Foreign Arbitral Award under 9 U.S.C. § 207.

5.      I was counsel for claimants Sunset Import and Dereje Habtamu Zeleke (collectively "Claimants" or "Petitioners") in the arbitration dispute against SNS Global Pharma Corporation and Samson Mekonnen (collectively "Respondents"), for Respondent's failure to pay its share of profits to Petitioners as set forth in the original Sales and Profit-Sharing Agreement (the "Agreement").

6.      Disputes arose between Petitioners and Respondents when Respondents failed to pay Petitioners' Profits, defaulted on certain Purchase Orders, and breached the Agreement. After failed settlement negotiations, Petitioners initiated arbitration at the Addis Arbitration as provided in the Agreement. The address of the Addis Arbitration is located at Mexico Square, Addis Ababa, Ethiopia. The web address is https://addischamber.com/. The Addis Arbitration rules are posted on its website, in both Amharic and English.

7.      The Federal Democratic Republic of Ethiopia is a signatory to the New York Convention.

8.      The following persons were duly selected as arbitrators: Dr. Muradu Abdo: Dr. Yonas Tesfa; and Mr. Aschalew Asfaw. The arbitration was conducted on

18

March 25, 2024, and April 29, 2024, in Addis Ababa, pursuant to the Addis Arbitration rules.

9.    On June 4, 2024, the Addis Arbitration tribunal reviewed additional documentary evidence before rendering its Initial Award (the "Initial Award").

10.    The arbitrators rendered a reasoned award on June 12, 2024. A certified copy of the Initial Award is attached to hereto as Exhibit A.

11.    The Initial Award found in Petitioners' favor ordered Respondents to make monetary payment to Petitioners as follows:

a) unpaid profits share in the amount of $1,940.891.00 USD (one million nine hundred forty thousand eight hundred ninety-one USD) with nine percent annual interest as of 19 May 2022;

b) a total of ETB 61,994,625.00 (sixty-one million nine hundred ninety-four thousand six hundred twenty-five ETB) effected on its behalf to guarantee the performance of the gloves supply contract with nine percent yearly interest as of 19 May 2022;

c) contractual damages in the amount of $595,800.00 USD (five hundred ninety-five thousand eight hundred USD) with nine percent annual interest from the date of release of this arbitral award;

d) costs of the present arbitration suit with nine percent per annum interest starting from the date of release of this arbitral award as well as the legally required stamp duty; and

c) both the outstanding profits (see above, Paragraph No. 67 (a), herein above) and compensation granted for contractual damages (sec above, Paragraph No. 67 (c),

19

herein above) in ETB but at USD exchange rate prevailing

on the day of release of this arbitral award.

68. The money award indicated (see above, Paragraph No.

67 (a-d)) shall continue to bear nine percent annual interest

until the final day of its full payment.

12.    The amount of the Initial Award, with interest accrued through September 19, 2025, is ETB 289,087,541.97 (approx. USD $5,027,609.42). This was calculated as follows:

a) **Unpaid Profit Share**: USD $1,940,891.00, converted to Ethiopian Birr (ETB) at the exchange rate on June 12, 2024, which equals approximately ETB 111,601,232.50, plus accrued interest at 9% per annum from May 19, 2022, through November 7, 2025, in the amount of USD $606,834.19.

**Total Unpaid Profit Share Due**: ETB 145,145,811.35 (approximately USD $2,547,725.19).

b) **Recovery of Guarantee**: ETB 61,994,625.00 (approximately USD $1,078,167.39) owed to Petitioners for recovery of their guarantee, plus accrued interest at 9% per annum from May 19, 2022, totals approximately ETB 18,634,055.47.

**Total Amount Due for Recovery of Guarantee**: ETB 81,377,711.63 (approximately USD $1,415,264.55).

c) **Contractual Damages**: USD $595,800.00 (approximately ETB 34,258,500), with 9% annual interest accruing from the date of release of this arbitral award. Interest converted to ETB at the June 12, 2024 exchange rate equals USD $75,364.62.

**Total Contractual Damages due**: ETB 38,591,965.65  (approximately USD $671,164.62).

d)  **Arbitration Costs and Stamp Duty**: Includes costs of the present arbitration suit and legally required stamp duty, plus accrued interest at 9% per annum from the date of release of the arbitral award.

**Total amount due**: ETB 22,623,666.26 (approximately USD $393,455.07).

21.    On October 2, 2025, the Addis Arbitration tribunal entered an amended Award ("Amended Award").    The only changes from the original Award and Amended Award is the addition of Respondent Mekonnen as an individual and additional of arbitration costs owed to Petitioners.  A certified copy of the Amended Award is attached hereto as Exhibit B.

22. The Amended Award added arbitration costs due from Respondents to Petitioners as follows:

> 20. Respondent shall pay the following costs of litigation to Claimant with nine percent annual legal interest:
>
> a.  Arbitrators' fee and administrative expenses amount to ETB 266,301.37 (Two hundred sixty-six thousand three hundred one ETB and thirty-seven cents).
>
> b.  Arbitrators' fee and administrative expenses amount to ETB 264,801.37 (Two hundred sixty-four thousand eight hundred one ETB and thirty-seven cents).
>
> c.  Additional arbitrators' fee and administrative expenses amount to ETB 495,204.65 (Four hundred ninety-five thousand two hundred four ETB and sixty-five cents).
>
> d.  Filing fee amounts to ETB 1,500 (One thousand five hundred ETB).
>
> e.  Stamp duty on the award amounts to ETB 2,073,794.82 (Two million seventy-three thousand seven hundred ninety-four ETB and eighty-two cents).

VERIFIED PETITION FOR RECOGNITION & ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207

f. Lawyers' fee for Brown Rudnick LLP to domesticate the
Ethiopian arbitral award is 5,000 USD per month until
the award is executed, which Respondent must pay to the
Claimant in USD.

g. Lawyers' fees incurred in Ethiopia for the current case
amount to 230,000 USD (Two hundred thirty thousand
USD).

h. Miscellaneous expenses amount to ETB 50,000 (Fifty
Thousand ETB).

23. The additional award from the Amended Award, through September 19, 2025, is in the amount of ETB 18,449,740 (USD $320,865.04).

24. The total award, including the Initial Award amount of ETB 289,087,541.97 (approx. USD $5,027,609.42), plus the Amended Award amount of ETB 18,449,740 (USD $320,865.04), results in a total award ("Award") in the amount of ETB 307,537,281.97 (approx. USD $5,348,474.464.

25. As of the date of this Petition, Respondents have not paid any amount toward satisfying the Award.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 11, 2025, at _Addis Ababa, Ethiopia_
_Bole Sub City Woreda 02_
_H.No - 9E_

_____
AMARE ASHENAFI

22

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 12th day of November, 2025, the foregoing **VERIFIED PETITION FOR RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD** was served to all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
DANIEL A. ROZANSKY